EMIL KOENIG, PLAINTIFF, *v.* THE GLOBE MUTUAL LIFE INSURANCE COMPANY, DEFENDANT.

*Insanity — Evidence of experts — what questions may be asked.*

In this action, brought upon a policy of life insurance, the principal question was whether or not the assured was sane at the time of her death. Upon the trial, her family physician was asked, and against the defendant's objection and exception, allowed to answer the following questions: "From your experience and reading, and from your acquaintance with the mental condition of the deceased, what effect, if any, would you say this disease (melancholia) would have upon her as to her power to control her actions or to resist any impulse with which she might be seized?" "In this case how do you think it was?" *Held,* that the questions were properly admitted.

(*Van Zandt* v. *Mutual Benefit Life Insurance Company* (55 N. Y., 169) distinguished.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

This action was brought upon a policy of insurance, issued for the benefit of the plaintiff upon the life of his wife, by the Merchants' Life Insurance Company of New York, the liability of that company having been subsequently assumed by the defendant.

The policy contained a clause avoiding it, in case the insured died "by her own hand." The wife was found in the garret of her house hanging dead. The plaintiff claimed that she was insane at the time.

*S. W. Rosendale*, for the plaintiff.

*George W. Miller*, for the defendant.

LEARNED, P. J.:

The only point argued in this case is, whether the following questions were admissible:

Q. From your experience and reading, and from your acquaintance with the mental condition of the deceased, what effect, if any, would you say this disease would have upon her as to her power to control her actions, or to resist any impulse with which she might be seized? A. I think that the impulses and the will, in the

majority of cases, become uncontrollable, and is not under their control. They are led away by impulses. They will attempt any method to take their life.

Q. In this case how do you think it was? A. I think her impulse was uncontrollable; entirely so."

The objection taken to these questions were that they were incompetent; that it was a question for the jury.

The appellant relies on the case of *Van Zandt* v. *Mutual Benefit Life Insurance Company* (55 N. Y., 169). In that case the following question was put:

"Assuming that a person had that form of insanity which you denominate melancholia, and had committed suicide, you would attribute that suicide to the disease? A. Yes, I should attribute it as the result of insanity."

Of this question the court said that it called not for any fact or information peculiarly within the knowledge of an expert * * but for the inference of the witness from a supposed fact, which inference the jury were capable of drawing, and which it was their province to draw.

It seems to me that the questions in the present case are different. In the first place they are not based on any "supposed fact," but on the actual knowledge of the witness, who was the family physician of the deceased. Next, these questions did call for a fact peculiarly within the knowledge of an expert; that is, the effect of a certain disease on the power of controlling actions and resisting impulses. The inquiries were as to the effect of the disease on the power of the will. This was a matter of physical science. From the mere fact that the deceased was suffering under a certain disease, the jury could not know or infer that such disease had any effect whatever on the power to control actions. Certainly many severe diseases do not affect that power. It was, therefore, proper to prove what the effect of this disease was in that respect.

The objectionable question in *Van Zandt* v. *Mutual Benefit* (*ut supra*) did not ask for the fact of the usual effect of disease on the will, or for its effect on the will of the deceased. It asked merely for an inference; an inference whether the suicide was caused by insanity; in substance, what the witness would have decided if he had been a juryman.

The answer to that question involved a consideration not merely of the mental condition of the deceased, but of all the circumstances of the act of suicide. From those circumstances the jury might judge that the act was one of deliberation, unaffected by any impairment of mental power, or that it was an act of impulse.

In the present case the jury were left to decide on that question from all the facts, including the circumstances as well as the mental condition. It is possible that the latter part of the answer to the first question was improper. It was not strictly responsive. But no motion was made to strike this out. We must judge of the propriety of the question by the questions themselves, not by the answers.

Judgment should be given for the plaintiff on the verdict, and a new trial denied, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed with costs, and judgment ordered on verdict.